IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMONTRAI K. THOMAS, # 06942-027,

        Petitioner,

vs.

        Case No. 13-cv-464-DRH

JAMES CROSS, JR.,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, currently incarcerated in the Greenville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.  Petitioner pled guilty to bank robbery and using a handgun in relation to a crime of violence.  *United States v. Thomas*, Case No. 01-cr-0071 (N.D. Ind.).  He was sentenced on February 25, 2002, to 188 months on the bank robbery count, and to a consecutive 84 month sentence on the handgun count (Doc. 1-1, p. 5).  The sentencing court classified him as a career offender because he had two or more previous state court felony

convictions for burglary. Thus, the sentencing range for the bank robbery count was raised from 63-78 months to 188-235 months. *Id*.

Petitioner did not file a direct appeal from his conviction. However, in September 2010, he filed a motion in his criminal case seeking permission to file a late appeal (Doc. 48 in criminal case). When that motion was denied, he filed a tardy motion for relief under 28 U.S.C. § 2255 in November 2010, alleging ineffective assistance of counsel because his attorney failed to file a notice of appeal following his conviction (Doc. 50 in criminal case). The trial court dismissed the § 2255 motion as untimely, finding that petitioner could have filed it within the one year time limit if he had exercised due diligence in monitoring his case (Docs. 54, 68, in criminal case). Petitioner's appeal of the § 2255 case was dismissed on October 6, 2011 (Doc. 83 in criminal case).

In the present § 2241 petition, filed on May 15, 2013, petitioner argues that he should not have been sentenced as a career offender, because his prior convictions for burglary should have been counted as one prior felony, not as two. He reasons that because he was given one consolidated sentence for all the burglary charges in the Allen County, Indiana, state court in 1995 (Doc. 1-1, pp. 11-12, 14-16), the consolidation means that these offenses should count as only one conviction.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255

motion). Nor does the fact that he missed the original deadline to file his § 2255 motion render that procedure inadequate. Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In petitioner's case, the trial court thoroughly reviewed the circumstances surrounding his delay in seeking information about the status of the appeal he thought had been filed, as well as petitioner's delay in seeking relief under § 2255. The court concluded that petitioner did not face any hindrance beyond his control that could have prevented him from timely seeking § 2255 relief (Docs. 50, 68 in criminal case). Because he could have filed a timely § 2255 motion, the court rejected the motion petitioner filed in 2010.

The argument petitioner raises in the instant § 2241 petition could have been raised in the context of a § 2255 motion, within the normal time limits following his conviction. Petitioner does not point to any change in the law pertinent to his case, that occurred too recently for him to have brought it up in a timely § 2255 motion or direct appeal. He bases his argument that his burglaries were effectively consolidated into one sentence and one conviction on *United States v. Buford*, 201 F.3d 937, 942 (7th Cir. 2000) (Doc. 1-1, p. 6). *Buford* was decided well before petitioner's 2002 sentencing. If petitioner had acted diligently, he could have raised this challenge to his conviction and sentence either on direct appeal (if his plea agreement did not waive his appeal rights) or in a timely § 2255 motion. There is nothing in the statutory framework of 28 U.S.C. § 2255 that

prevented petitioner from using that avenue to present this argument. Therefore, he cannot now use a § 2241 petition to get a "second bite at the apple" to raise this challenge eleven years after his sentence was imposed.

To summarize, § 2255 does not prove to be an inadequate remedy for petitioner's current claim. Consistent with *In re Davenport*, petitioner therefore cannot raise this claim under the awning of § 2241. 147 F.3d 605 (7th Cir. 1998).

This action is summarily **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $455.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for

petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: June 6, 2013**

Digitally signed by David R. Herndon
Date: 2013.06.06 13:38:43 -05'00'

**Chief Judge**
**United States District Court**